IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CASE NUMBER 9:13-CR-00027-RC-JDL |
| v. | § § § | |
| | § | |
| BRITTANY KAYLA MASSON, | § § | |

### REPORT & RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On July 09, 2020, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Brittany Kayla Masson. The government was represented by Nathaniel Kummerfeld, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range based on total offense level of 27 and criminal history category of I, was 70 to 87 months. On September 14, 2014, U.S. Senior District Judge Ron Clark sentenced Defendant to 38 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment. On March 31, 2017, Brittany Kayla Masson completed her period of imprisonment and began service of the supervision term. On March 19, 2020, the term of supervision was revoked, and Defendant was sentenced to time served followed by an additional year of supervised release.

Defendant began her second term of supervision on March 20, 2020. On April 18, 2020, Defendant's terms of supervision were modified to include mental health treatment.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. In its petition, the government alleges that Defendant violated her conditions of supervised release by submitting urine specimens that tested positive for methamphetamine on March 27, 2020 and May 6, 2020. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4-10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the condition of supervision referenced above by committing the acts relating to possession of methamphetamine as alleged in the government's petition. In exchange, the government recommended a sentence of 8 months imprisonment, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Brittany Kayla Masson's plea of true be accepted and she be sentenced to 8 months imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve her sentence at FCP Bryan, if

available, and **RECOMMENDS** drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 9th day of July, 2020.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE